UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREGORY LUCAS,

                    Plaintiff,

-against-

KLEE, WOOLF, GOLDMAN & FILPI LLP;
STEVEN GLASER, ESQ.; ANDREW WOOLF,
ESQ.; LOCAL 110, TRANSPORTATION
WORKERS UNION; FINKELSTEIN,
MEIROWITZ & EIDLISZ, LLP; MICHAEL
DEARIE, ESQ.; NEW YORK CITY TRANSIT
AUTHORITY; MANHATTAN AND BRONX
SURFACE TRANSPORTATION OPERATING
AUTHORITY; NEW YORK STATE WORKERS'
COMPENSATION BOARD,

                    Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/18/26

26-CV-1423 (PAE) (BCM)

**ORDER**

---

**BARBARA MOSES, United States Magistrate Judge.**

As set forth in this order, the Court (i) directs the Clerk of Court to amend the caption of this action to reflect the correct names of the defendants and issue summonses accordingly; (ii) extends plaintiff's time to amend his complaint to **July 15, 2026**; and (iii) modifies the schedule regarding pending and anticipated motions to dismiss the complaint.

### A.     Background

Plaintiff brings this action, pro se, against nine defendants. Eight are identified in the caption of his complaint as: (1) Klee, Woolf, Goldman & Filipi LLP (Klee Woolf); (2) Steven Glaser, Esq.; (3) Local 100, Transportation Workers Union (Local 100); (4) "Finkelstein, Meirowitz & Eidlisz"; (5) "Michael Deary, LLP"; (6) "New York City Transportation"; (7) "MABSTOA"; and (8) New York State Workers' Compensation Board (WCB). *See* Compl. (Dkt. 1) at ECF p. 1. Additionally, in the body of his pleading, plaintiff identifies (9) "Andrew Wolf, Esq." as a defendant affiliated with Klee Woolf. *See id*. at ECF p. 2.

Plaintiff alleges that while employed by "Mabstoa/MTA" he suffered two on-the-job injuries, which resulted in proceedings before the WCB. Compl. at 2-3. During those proceedings, plaintiff alleges that his union, Local 100, "did nothing for my knee replacement," and that the individual defendants "conspired with Judge Matt[h]ew Hoffman" to delay the hearings and deprive him of a settlement. *Id*. at 3. Plaintiff further alleges that he is a "back male citizen of the United States," *id*. at 2, and that his supervisor "took me off my picked trick of over six years and put me back on my tools," apparently for "wearing sneakers [] in the shop," whereas "nothing was done" to his partner, "who is White and wears sneakers." *Id*. at 4, 37. Plaintiff seeks damages and related relief pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, alleging that defendants "have taken overt acts in the furtherance of conspiracy and a policy of discrimination, breach of duty of fair representation, Breach of Contract and, knowingly and willingly engaging in Misconduct in violation of the American Bar Association Rules 8.2, 8 u.3, 8.4 & 8.5." *Id*. at 1-2.

Plaintiff filed this action on February 19, 2026, paying the filing fee. On March 9, 2026, he submitted a letter asking if the U.S. Marshals Service could assist him with service of process. (Dkt. 5.) On May 11, 2026, WCB appeared through counsel. (Dkt. 8.) On May 12, 2026, the Court granted plaintiff's application to proceed *in forma pauperis* (IFP), entitling him to rely on the U.S. Marshals Service to effect service of process on any unserved defendants. (Dkt. 13.) On May 13, 2026, Finkelstein, Meirowitz & Eidlisz, LLP (Finkelstein Meirowitz) and Michael Dearie, Esq. appeared through counsel. (Dkt. 14.) On June 9, 2026, Local 100 appeared through counsel (Dkt. 20) and sought an extension of its time to file a motion to dismiss (Dkt. 21), which this Court granted (Dkt. 22), making Local 100's motion due on June 29, 2026.

On June 10, 2026, the WCB filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the grounds, *inter alia*, that (a) the WCB, as a New York State agency, is entitled

to sovereign immunity under the Eleventh Amendment to the United States Constitution, and (b) federal district courts lack subject-matter jurisdiction to review WCB decisions, which under the New York Workers' Compensation Law can be reviewed only by the New York State courts. (Dkt. 23.) On June 16, 2026, Finkelstein Meirowitz and Michael Dearie filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that plaintiff has failed to state a claim against them upon which relief can be granted. (Dkt. 31.)

### B.    Correction of Caption

In the caption of his complaint, plaintiff identifies "Finkelstein, Meirowitz & Eidlisz," and "Michael Deary, LLP" as defendants. Compl. at ECF p. 1. However, the attachments to the Complaint – as well as the motion papers at Dkts. 31-33 – show that the name of the firm is Finkelstein, Meirowitz & Eidlisz, LLP, and the name of the lawyer is Michael Dearie. *See, e.g.*, Compl. at ECF p. 39.

In the body of his complaint, plaintiff identifies "Andrew Wolf, Esq." as a defendant affiliated with Klee Woolf. However, the attachments to the complaint show that the name of the lawyer is Andrew Woolf. *See, e.g.*, Compl. at ECF p. 21.

In the caption of his complaint, plaintiff identifies "New York City Transportation/ MABSTOA" as a defendant. The attachments to the complaint identify plaintiff's employer variously as the New York City Transit Authority (NYCTA) and/or the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA). *See, e.g.*, Compl. at ECF pp. 8, 10. "The MABSTOA is a subsidiary of the NYCTA, but exists pursuant to its own statute under the New York Public Authorities Law and is a separate legal entity." *Frilando v. New York City Transit Auth.*, 463 F. Supp. 3d 501, 506 (S.D.N.Y. 2020). Both appear to be suable entities.

In light of plaintiff's *pro se* status, and his clear intention to sue the entities and individuals listed above, the Clerk of Court is respectfully directed to amend the caption of this action to identify the following nine defendants:

1.  Klee, Woolf, Goldman & Filipi LLP

2.  Steven Glaser, Esq.

3.  Andrew Woolf, Esq.

4.  Local 100, Transportation Workers Union

5.  Finkelstein, Meirowitz & Eidlisz, LLP

6.  Michael Dearie, Esq.

7.  New York City Transit Authority

8.  Manhattan and Bronx Surface Transit Operating Authority

9.  New York State Workers' Compensation Board

The Clerk is further directed to issue summonses to Andrew Woolf, Esq.; New York City Transit Authority; and Manhattan and Bronx Surface Transit Operating Authority.

C.      **Amendment of Complaint**

Two motions to dismiss pursuant to Fed. R. Civ. P. 12(b) are currently pending, and a third such motion is scheduled to be filed by June 29, 2026. Under Rule 15, a plaintiff has 21 days after service of the first Rule 12(b) motion to amend his complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1)(B). The first Rule 12(b) motion was filed on June 10, 2026, by the WCB, making plaintiff's deadline to amend July 1, 2026. In light of plaintiff's pro se status, that deadline is hereby EXTENDED to **July 15, 2026**. Consequently, it is hereby ORDERED that **plaintiff must file any amended complaint no later than July 15, 2026**. No further opportunities to amend will ordinarily be granted.

4

If plaintiff chooses to amend his complaint, he must identify the document as an "Amended Complaint" and use the same docket number assigned to this case when it was first filed: 26-CV-1423 (PAE) (BCM). A form with the appropriate case caption is attached to this order for plaintiff's convenience. In the caption of his amended complaint, plaintiff must correctly name all of the defendants he intends to sue. If no longer wishes to sue a particular defendant, he should *not* include that defendant's name in the caption of his amended complaint. In the body of the amended complaint, plaintiff must set forth a short and plain statement of the relevant facts supporting *each* claim against *each* defendant he intends to sue. That is, he must clearly explain, as to each defendant, what that defendant did (or failed to do) to deprive plaintiff of his federal rights.

If plaintiff does not file an amended complaint, he must file his papers in opposition to the two pending motions to dismiss **no later than July 15, 2026**.

### D.    Motion Schedule

In the interest of efficiency, the Court hereby EXTENDS Local 100's deadline to answer or move with respect to the complaint until **two weeks after plaintiff files his amended complaint** or **July 29, 2026**, whichever is earliest.

If plaintiff amends his complaint, defendants WCB, Finkelstein Meirowitz, and Dearie must, within **two weeks thereafter**: (1) file an answer to the amended complaint; (2) file a new motion to dismiss, addressed to the amended complaint; or (3) submit a letter to the Court, copying plaintiff, advising that they intend to rely on their previously-filed motion to dismiss.

### CONCLUSION

For the reasons set forth above, the Clerk of Court is respectfully directed to correct the caption of this action to identify each of the nine defendants as set forth on page 4 of this Order.

Plaintiff's deadline to amend his complaint or file his papers in opposition to the two pending motions to dismiss is EXTENDED to **July 15, 2026**.

Local 100's deadline to answer or otherwise respond to the complaint is EXTENDED until **two weeks after plaintiff files his amended complaint** or **July 29, 2026**, whichever is earliest.

If plaintiff amends his complaint, WCB, Finkelstein Meirowitz, and Dearie must, within **two weeks thereafter**, (1) file an answer to the amended complaint; (2) file a new motion to dismiss, addressed to the amended complaint; or (3) submit a letter to the Court, copying plaintiff, advising that they intend to rely on their previously-filed motion to dismiss.

Dated:    June 18, 2026            SO ORDERED.
          New York, New York

**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gregory Lucas

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

26 CV 1423
_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.    If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.    If you checked Diversity of Citizenship

#### 1.    Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

Defendant 4:

_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Name (Last, First, MI)

Address                City                State                Zip Code

Telephone Number                E-mail Address

Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007