UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/30/26___

GREGORY LUCAS,

        Plaintiff,

    -against-

KLEE, WOOLF, GOLDMAN & FILPI LLP,
et al.,

        Defendants.

26-CV-1423 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for report and recommendation on defendants' pending and/or anticipated motions to dismiss plaintiff's claims. *See* Dkt. 36.

Thus far, three defendants have filed motions to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). *See* Dkts. 23, 31. Their motions are directed to plaintiff's original complaint (Dkt. 1). A fourth defendant, Local 100, has advised the Court that it also intends to file a motion to dismiss. *See* Dkt. 21. On June 18, 2026, I extended plaintiff's deadline to amend his complaint as of right until July 15, 2026; extended Local 100's deadline to answer or move until after plaintiff has amended (or has elected not to amend); and adjusted the briefing schedule for the pending motions accordingly. *See* Dkt. 35 at 4-6. That same day, the pro se plaintiff mailed a "Motion for Summary Judgement" to the Court for filing. (Dkt. 37.) Notwithstanding its title, plaintiff's motion – which is four sentences long – is in fact a motion for leave to file a summary judgment motion. Additionally, plaintiff asks the Court to hold the motions to dismiss in "suspended animation until the Summary judgement has been heard."

Plaintiff's motion is DENIED.

First, the Court cannot entertain a motion for summary judgment until the pleadings are settled; that is, until plaintiff has amended his complaint (or elected not to) and the Court has determined whether he has stated any actionable claims. Second, even after the pleadings are settled, summary judgment motions must await the development of relevant evidence through the discovery process. As explained by the Second Circuit: "When a party has not had *any* opportunity for discovery, summary judgment is generally premature." *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023); *see also, e.g.*, *Pappas v. City of New York*, 2026 WL 1510222, at *1 (S.D.N.Y. May 29, 2026) (denying plaintiff's summary judgment motion as premature because it was filed "a mere five weeks after the Court adopted a Case Management Plan and Scheduling Order" and two and a half months prior to the close of fact discovery); *Ballentine v. City of New York*, 2025 WL 1676971, at *2 (S.D.N.Y. June 13, 2025) (denying pro se plaintiff's pre-discovery summary motion as premature, "without prejudice to renewal after discovery in this action has concluded").

Here, no case management order has yet been issued – because the pleadings remain in flux – and discovery has not even begun. Plaintiff's proposed summary judgment motion would therefore be premature. Plaintiff may, of course, move for summary judgment "after discovery in this action has concluded." *Ballentine*, 2025 WL 1676971, at *2.

Plaintiff's deadline to amend his complaint remains **July 15, 2026**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 37.

Dated: New York, New York
      June 30, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2