UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 8/6/26

GREGORY LUCAS,

Plaintiff(s),

-against-

KLEE, WOOLF, GOLDMAN & FILPI LLP, et al.,

Defendants.

26-CV-1423 (PAE) (BCM)

**ORDER OF SERVICE**

BARBARA MOSES, United States Magistrate Judge:

By order dated May 12, 2026, the Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"). (Dkt. 13.) Summonses have been issued for all defendants, some, but not all, of whom have appeared. For the reasons that follow, the Court directs the Clerk of Court to provide the U.S. Marshals Service with the necessary documents for service on: (1) Steven Glaser, Esq.; (2) Manhattan And Bronx Surface Transit Operating Authority; (3) New York City Transit Authority; and (4) Andrew Woolf, Esq.

**A. Background**

Plaintiff filed this action on February 19, 2026, paying the filing fee. (Dkt. 1.) On February 19, 2026, the Clerk of Court issued summonses for a number of defendants, including, as relevant here, Steven Glaser, Esq. On March 9, 2026, plaintiff submitted a letter asking if the U.S. Marshals Service could assist him with service of process. (Dkt. 5.) On May 12, 2026, the Court granted plaintiff's application to proceed *in forma pauperis* (IFP), entitling him to rely on the U.S. Marshals Service to effect service of process on any unserved defendants. (Dkt. 13.)

On June 18, 2026, the Court issued an order that, *inter alia*, corrected the caption of this case and set a deadline for plaintiff to file an amended complaint. 6/18/26 Order (Dkt. 35) at 4. The 6/18/25 Order also directed the Clerk of Court to issue summonses for: (1) Andrew Woolf,

Esq.; (2) New York City Transit Authority; and (3) Manhattan and Bronx Surface Transit Operating Authority. *Id.* at 4-5. On June 29, 2026, the Clerk of Court issues summonses for those three defendants.

On July 13, 2026, plaintiff filed his First Amended Complaint (FAC) (Dkt. 40), in accordance with the 6/18/26 Order. The FAC is now the operative pleading. The FAC does not name Klee, Woolf, Goldman & Filpi LLP as a defendant. *Id*. at ECF pp. 1-2.

**B. Order of Service**

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (The court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP.)..[1]

Although the relevant summonses have been issued, no proof of service has been filed for (1) Andrew Woolf, Esq.; (2) New York City Transit Authority; (3) Manhattan and Bronx Surface Transit Operating Authority, or (4) Steven Glaser, Esq. Nor have any of those defendants appeared.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. In the interest of having a unified schedule for the purposes of case management, the Court extends the time to serve all remaining defendants until **September 28, 2026**, which is 90 days after the date the most recent summons were issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendants Andrew Woolf, Esq., New York City Transit Authority; Manhattan and Bronx Surface Transit Operating Authority, and Steven Glaser, Esq. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons for each of these defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

**CONCLUSION**

The Court directs the Clerk of Court to provide the U.S. Marshals Service with the necessary documents for service on these four defendants: (1) Andrew Woolf, Esq.; (2) New York City Transit Authority; (3) Manhattan and Bronx Surface Transit Operating Authority, and (4) Steven Glaser, Esq.

Dated: New York, New York
August 6, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York City Transit Authority
   130 Livingston Street
   Brooklyn, NY 11201

2. Manhattan and Bronx Surface Transit Operating Authority (MaBSTOA)
   130 Livingston Street
   Brooklyn, NY 11201

3. Andrew Woolf, Esq.
   Klee, Wolf, Goldman & Filpi LLP
   350 Willis Avenue
   Mineola, NY 11501

4. Steven Glaser, Esq.
   Klee, Wolf, Goldman & Filpi LLP
   350 Willis Avenue
   Mineola, NY 11501