USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 10/26/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY LUCAS,

Plaintiff,

-against-

KLEE, WOOLF, GOLDMAN & FILPI LLP, et al.,

Defendants.

26-CV-1423 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On October 21, 2026, plaintiff filed his "first set of [i]nterrogatories" on the public docket. Dkt. 76 at 1. While plaintiff may serve discovery now, the Court has not set a discovery schedule pursuant to Fed. R. Civ. P. 26. At the initial case management conference on November 10, 2026 (*see* Dkt. 65), the Court will discuss the parties' discovery responsibilities and set a discovery schedule. *See* Dkt. 54 at 2-3. Defendants need not answer plaintiff's interrogatories before the conference.

Plaintiff is advised that he need not, and should not, file discovery materials with the Court, unless he is seeking the Court's intervention to resolve a discovery dispute (or if the materials are attached as exhibits to other motion papers). As a courtesy, the Court has attached a guide on discovery from the Pro Se Intake Unit of the Southern District of New York.

Dated: October 26, 2026
New York, New York

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# DISCOVERY

This guide is intended to be a summary of basic discovery procedures. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's local rules, or the individual practices and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Discovery

### What is discovery?

- Discovery is the process through which the parties exchange information that may be helpful to prove their claims or defenses.
- The discovery process is governed by Federal Rules of Civil Procedure 26–37, 45, and the court's Local Civil Rules.
- Discovery generally begins after the defendant files an answer, the parties hold a discovery planning conference, and the judge issues a scheduling order.
- The discovery process is designed to go forward between the parties with minimal court involvement. Discovery issues should only be raised with the court if the parties have a dispute and cannot resolve the disagreement themselves.
- This packet will discuss the different discovery methods.
- Although many of the instructions below refer to "you," the requirements described apply to all parties.

### How do I serve discovery requests and responses?

- A discovery request or response can be served by any method described in Federal Rule of Civil Procedure 5(b), including:
  - o by mailing it
  - o by handing it to the person
  - o by leaving it at the person's office with a clerk or person in charge, or
  - o by emailing it, if the parties have agreed to exchanging documents by email.
- To serve a discovery request on a nonparty (where permissible), you must follow the procedures in Federal Rule of Civil Procedure 45.

- You must sign your discovery requests and responses and include your name, address, phone number, and email address (if available).

**Do I have to file discovery requests or responses with the court?**

- No. Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 state that discovery documents should not be filed with the court unless the judge requires the parties to file them.

**What are initial mandatory disclosures? (Rule 26(a))**

- There is certain information that the parties must share with each other once a lawsuit has been filed, even before the other party requests it. Within 14 days after your discovery planning conference with your adversary, each party must provide to the other party:
  - The name, address, and phone number of anyone likely to have discoverable information that the party may use to support a claim or defense
  - A copy or a description (including category and location) of all documents, electronically stored information, and tangible things that the party has and may use to support a claim or defense
  - A calculation of each category of damages the party is claiming and the documents or materials on which the calculation is based
  - Any insurance agreement the party may have that may pay any judgment against it or that may indemnify or reimburse for payments made to satisfy the judgment.
- There are certain types of cases that are exempt from these initial disclosures. For example, if you are currently incarcerated, these disclosures are not automatically required in your case. Refer to Federal Rule of Civil Procedure 26(a)(1)(B) to see if your case falls into a category that is exempt.

**What if I am currently incarcerated?**

- Local Civil Rule 33.2 – which applies to prisoner cases in which the plaintiff does not have a lawyer and alleges (1) use of force; (2) inmate-against-inmate assault; or (3) disciplinary due process violations where the punishment was confinement in the segregated housing unit for more than 100 days – requires defendants to automatically provide certain discovery to the plaintiff.
- The defendants must disclose the required information and documents within 120 days of when the complaint is served.

**What else must the parties disclose?**

- If a party plans to call an expert witness, the party must provide an expert report that includes, among other things, a complete statement of all opinions the expert will express. See Fed. R. Civ. P. 26 (a)(2).
- If your case proceeds to trial, there is additional information that the parties will have to disclose, such as the identity of any witnesses they plan to call at trial. The judge will issue an order describing and setting a schedule for these pretrial disclosures.

**What is the scope of discovery? (Rule 26(b))**

- Unless the judge sets other limits, parties may obtain discovery regarding any nonprivileged matter
  - that is relevant to a claim or defense of any party, and
  - is proportional to the needs of the case, considering
    - the importance of the issues at stake in the case
    - the amount in controversy in the case
    - your access to information relative to your adversary and your resources
    - the importance of the discovery in resolving the issues, and
    - whether the burden and expense of the proposed discovery outweighs its likely benefit.

**What are the limits on discovery? (Rule 26(b))**

- The court may impose further limits on discovery, because, for example:
  - the discovery seeks information already provided or available from a more convenient and less expensive source
  - the party seeking the discovery has already had a chance to obtain the information
  - the discovery seeks documents and tangible things prepared for trial, or
  - the information requested is privileged, for example, due to the attorney-client or doctor-patient privilege, or is protected by confidentiality agreements.

**What if the parties have a disagreement about discovery?**

- Disagreements about discovery are not uncommon. All parties must conduct discovery in good faith. This means that they must attempt to resolve disputes between themselves, for example, by discussing the matters in a telephone call, before seeking assistance from the judge.

- If the parties are unable to resolve discovery disputes after making good faith efforts to do so, it may be necessary to seek the judge's intervention.
- If you are not able to resolve discovery disputes by discussing them with the other side, Local Civil Rule 37.2 requires that you request a conference with the judge. You do this by writing a letter to the judge and delivering or mailing the letter to the Pro Se Intake Unit (the courthouse addresses are on the front page of this document).

## Pretrial Conferences

- The judge may schedule a number of pretrial conferences in your case.
- Once the defendant has filed an answer to the complaint, or after there has been a decision on a motion to dismiss the complaint, the judge may schedule an initial case management conference, also known as a Rule 16 conference or scheduling conference.
- A pretrial conference typically is held in the judge's courtroom with the parties or their lawyers present. In prisoner cases or cases where a party does not live in the area, the conference may be held by telephone or videoconference.
- At the conference, the parties and the judge will discuss and resolve scheduling or discovery issues or other matters.
- Scheduling of conferences is not automatic; it is up to the judge whether and when to hold conferences.
- Later pretrial conferences may be held to deal with changes to the schedule, to try to settle the case, to resolve discovery disputes, or to discuss a plan for trial.

### The Initial Case Management Conference (Rule 16)

- The initial case management conference often is the first opportunity for you and opposing counsel to meet with the judge and briefly describe the nature of your claims and the defendant's defenses. The judge will discuss discovery and the parties' discovery plan (if there is one), and whether the case can be settled at an early date.
- Opposing counsel may contact you to discuss a plan for discovery. This is because, except in certain types of cases (for example, where the plaintiff is incarcerated and does not have an attorney), Federal Rule of Civil Procedure 26(f) requires that you and the other parties to your case hold a conference to make a plan for discovery.
- This conference, which may be by telephone, must be held as soon as possible, but at least 21 days before the court is to hold an initial case management conference or a scheduling order is due. See Fed. R. Civ. P. 16.

- After the parties have their discovery conference, they must submit an outline of their proposed discovery plan to the court.
- At the initial case management conference, the parties and the judge will discuss a plan for discovery. At or after the conference, the judge will likely enter a scheduling order setting deadlines for amendment of the pleadings, motions, and the completion of discovery.

### Conduct at All Conferences

- When attending a conference, all parties should show respect for the judge by dressing neatly and being on time. A conference may be held in the courtroom or in a conference room.
- If the conference is held in the courtroom, the judge will sit on the bench and the parties will sit at the tables. The judge's deputy clerk will tell you where to sit.
- Whenever you speak to the judge, you should stand, unless the judge says otherwise. It is customary to refer to the judge as "Your Honor."

## Interrogatories (Rule 33)

### What are interrogatories?

- Interrogatories are written questions that the parties may serve on each other to help them learn information about the case.
- Federal Rule of Civil Procedure 33 and Local Civil Rules 33.2 and 33.3 explain the requirements for interrogatories.

### To whom can I direct interrogatories?

- You may serve interrogatories only on parties to the litigation.

### How much does it cost to serve interrogatories?

- The only cost is the cost of drafting and serving the questions on the party.

### What types of questions can I ask?

- The purpose of your interrogatories should be to uncover evidence for your case.
- Under Local Civil Rule 33.3, at the beginning of discovery, interrogatories may only be used to find out:
  - the names of witnesses who may have information about the case
  - the value of damages alleged
  - the existence of documents relating to the case, or

  - the existence of physical evidence.

**Do I need the judge's permission to serve interrogatories?**

- Generally, no, but you would need to ask the judge's permission:
  - to ask a party to answer more than 25 interrogatories, or
  - to serve interrogatories at the beginning of discovery that are outside the scope of the four categories listed above.

**Do my interrogatories need to be in a particular format?**

- Your interrogatories should be in a numbered list.

**How do I respond to interrogatories?**

- You have 30 days to respond to interrogatories, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.
- You must answer each interrogatory separately and fully in writing and under oath.
- If you have an objection to an interrogatory, you must explain it in writing. If you object only to part of the interrogatory, you must respond to the other part.
- If you do not understand what is being asked, you should first try to discuss it with the other party, rather than objecting or writing to the judge.
- If the other party believes that your objection is incorrect or unreasonable, that party may ask the judge to order you to respond.

**What if I am not sure of the answer to an interrogatory?**

- You must answer an interrogatory to the best of your ability with all the information available to you.
- You must look for the answer to an interrogatory if it can be found in your records or some other available place.
- It is inappropriate to answer "I don't know" to an interrogatory if the information needed to answer the question is available to you.

**What if I want to change my answer after I have responded to an interrogatory?**

- If you learn something new that would change your response to an interrogatory, you must let the other party know.
- You should send a letter amending your answer to include the new information. Your amended answer, like your original response, must be under oath.

# Requests for Production of Documents (Rule 34)

**What is a Request for Production of Documents?**

- Requests for production of documents allow you to obtain or inspect documents, electronically stored information, or tangible objects relevant to your case.

**On whom can I serve document requests?**

- Document requests can be served on anyone, not just parties to the lawsuit.
- Federal Rule of Civil Procedure 34 explains the requirements for document requests to be served on parties to the lawsuit. Federal Rule of Civil Procedure 45 explains the requirements for service on nonparties.

**What types of information can I obtain or inspect through a document request?**

- Designated documents or electronically stored information – including writings, drawings, charts, photographs, images, etc.
- Any designated tangible things (for you to inspect, copy, test, or sample), including physical objects that are not documents, or
- Property (for you to inspect, photograph, or measure).

**How much does it cost to serve a request for production of documents?**

- To serve a party to the lawsuit, the only cost is that of drafting and serving the request.
- There will be costs to serve a nonparty. See Fed. R. Civ. P. 45.

**Do my requests for document production need to be in a particular format?**

- Your requests should be in a numbered list.

**How long do I have to respond to document requests?**

- You have 30 days to serve a written response to document requests, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.
- You must produce the requested documents either at the time stated in the request or at another reasonable time that you specify in your response.

**In what form do I produce the requested documents?**

- You must produce the documents in the form in which they are ordinarily maintained, or in reasonable usable form, unless otherwise specified in the request.

- You should organize and label the documents to correspond with the categories in the request.

**Do I have to produce all of the requested documents?**

- You must respond in writing to every individual document request. You can either produce the document or object to the request.
- You can object to part of a request, or the full request, but you must state a specific reason for each objection.

**Do I have to turn over medical or arrest records?**

- If your physical or mental condition is at issue in the lawsuit, or if your criminal history is at issue, you may be required to produce, or authorize release of, your medical records or arrest records.

## Depositions (Rules 27-32)

**What is a deposition and how does it work?**

- A deposition is a procedure used to get the testimony of a party or nonparty witness before trial.
- Depositions are conducted in a question-and-answer format and are generally recorded by a stenographer or by electronic means.
- The deponent (the person who is being deposed) answers questions under oath, meaning that he swears or affirms that all of his answers are true.

**Do parties need the judge's permission to take a deposition?**

- Each party is allowed to take up to ten depositions without the judge's permission.
- A party generally does not need the judge's permission to take a deposition, except when:
    - the deponent is in prison
    - the party has already taken ten depositions
    - the deponent has already been deposed in the same case, or
    - the party wants to take the deposition before the pretrial discovery conference.

**How do I arrange for a deposition?**

- First, consult with the attorneys for the other parties to choose a convenient time and location for the deposition. Then, serve a notice of deposition on all the parties to the suit and the deponent within a reasonable time before the deposition is scheduled.

- You must arrange a location to take a deposition, hire a court reporter or someone authorized to administer oaths and take testimony, and arrange for an interpreter if one is necessary.
- You are responsible for making sure the deposition is recorded and determining the method for recording the deposition. The deposition can be recorded by any method as long as the deponent is sworn in, but it is usually recorded by means of stenograph, audiotape, videotape, or tape recorder. You are responsible for paying the cost of the recording.
- A deposition can be taken by telephone or other remote means if the parties agree or if the court orders it.
- You may take a deposition at the courthouse. You may also arrange for the court to provide recording equipment. To make the arrangements, contact the Pro Se Intake Unit.

**How much will it cost to depose someone?**

- Depositions can be expensive because you need to pay the court reporter or person who will administer the oath as well as a translator if one is necessary.
- If you plan to use the deposition testimony as evidence, you will also need to pay for the recording of the deposition to be transcribed. The transcription could cost around $4 per page. The transcript for an hour-long deposition may consist of around 35-45 pages. If you took a deposition that lasted four hours with a court reporter, the cost could be approximately $1,000.

**What does a notice of deposition have to include?**

- The notice of the deposition must state the time and place of the deposition, and if known, the deponent's name and address.
- If you do not know the deponent's name and address, you must provide a general description sufficient to identify the person.
- You must also state the method for recording the testimony.

**When do I need to get a subpoena for a deposition?**

- If you want to depose a nonparty to the lawsuit, you must first request a subpoena from the Pro Se Intake Unit. You will be required to serve the subpoena and pay witness fees and reasonable travel expenses. See Fed. R. Civ. P. 45.

**How long can a deposition last?**

- A deposition is limited to one day of seven hours. If a deposition will last more than seven hours, you must get permission from the judge.

### What can I ask at a deposition?

- Generally, you may ask questions about matters that are relevant to any party's claims or defenses.

### Does the deponent have to answer all of the questions?

- Generally, the deponent has to answer all of the questions.
- The deponent may make an objection during the deposition, but his testimony must still be taken and the objection will later be reviewed by the judge. A deponent may refuse to answer a question in only two situations:
  - to preserve a privilege such as the attorney-client privilege or doctor-patient privilege, or
  - when the judge has already ordered that the question does not need to be answered.
- If there is a dispute about what can be asked, it may be necessary to call the judge to ask for a ruling.

### Can the deponent change his or her testimony after the deposition?

- The deponent has 30 days after being notified that the transcript or recording is available to review the transcript.
- If the deponent would like changes to be made, he can sign a statement listing those changes and the statement will be attached to the deposition transcript, but the original transcript will not be changed.

### What if I can't take a deposition because I am incarcerated or because it is too expensive?

- If you cannot appear at a deposition or you cannot afford to take one, you may use interrogatories to get answers to questions from a party to the case or an employee of the party.
- You may also ask the judge about alternative procedures that may be available.

## Requests for Admission (Rule 36 and Rule 37)

### What is a request for admission?

- In a request for admission, one party asks another party to agree to the truth of specified facts or to the genuineness of specified documents.

- If both parties admit to the truth of a fact or validity of a document, the court will treat that fact or document as true for the rest of the litigation process. An admission in a particular lawsuit cannot be used as an admission in a different lawsuit.
- Requests for admission are often most useful near the end of the discovery period, when they can help narrow the issues for trial.

**What can I request admission to?**

- Facts – for example, that Officers Brown and James were present at the incident
- The law that applies to a fact – for example, that Officers Brown and James are state actors
- The authenticity of documents – for example, that a document is the police report filed by Officers Brown and James relating to the incident

**Are there matters that are not appropriate for requests for admission?**

- Yes. You should not ask other parties to admit to matters that you know are disputed. For example, you should not ask the defendant to admit "that Officer Brown beat me up."

**How many requests for admission can I serve?**

- The rules do not limit the number of admissions you may request. Admissions from both parties can help speed up the litigation process and make it easier to submit documents into evidence. But requests for admission should be made in good faith and should not be so numerous as to be unduly burdensome to the opposing party.

**Do my requests for admission need to be in a particular format?**

- Your requests should be in a numbered list.

**How do I respond to a request for admission?**

- You have 30 days to serve a written response to a request for admission, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.
- You may admit the matter, specifically deny it, or state in detail why you cannot truthfully admit or deny it. You may also specify that you admit one part and deny or qualify the rest.
- You must state the grounds for objecting to a request.

### What happens if I do not respond to a request for admission?

- If you do not respond to a request for admission within the time frame, the matter will be considered admitted.

### What happens if I deny a request for admission?

- You may deny requests for admissions that you do not believe to be true.
- If the other party later proves that the fact is true or the document is authentic, that party may make a motion, seeking reasonable expenses, including attorney's fees, that resulted from proving the matter. The judge must grant the motion unless:
    - the request was objectionable
    - the admission sought was not important
    - the party who did not admit had reason to believe they might prevail on that matter; or
    - there was other good reason for the failure to admit.

## Physical and Mental Examinations (Rule 35)

### Can I be required to submit to a physical or mental examination?

- If your physical or mental condition is at issue in the lawsuit, the court might order you to submit to a physical or mental examination. This might occur, for example, if you claim that the other party caused you physical injury or emotional harm.

### Who pays for the physical or mental examination?

- The party that requests the examination must pay for it. You will not have to pay for the examination if the other party asks for it.

### Do I have to submit to an examination, if asked?

- A court order is required for a mental or physical examination, unless the parties agree to the examination without an order. If you do not agree to an examination, the other party can make a motion, asking the judge to order you to submit to one.
- If you have been ordered to submit to an examination and you have questions about the procedure, you should write to the judge.